UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-20717

UMMA NASIR YAHAYA, an individual,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.
_____/

## **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, UMMA NASIR YAHAYA, by and through her undersigned counsel, sues Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE, (hereinafter, "NORWEGIAN CRUISE LINE") alleges and states as follows:

## **THE PARTIES**

1. Plaintiff, UMMA NASIR YAHAYA, is a resident of Miami-Dade County, Florida.

2. Defendant, NORWEGIAN CRUISE LINE, is a corporation, organized and existing under and by virtue of the laws of the Bahamas. At all material times, Defendant, NORWEGIAN CRUISE LINE, conducted business in Miami-Dade County, Florida, and maintained corporate headquarters at 7665 Corporate Center Drive, Miami, FL 33126.

3. At all times material hereto, Defendant, NORWEGIAN CRUISE LINE, owned, operated, managed, designed and maintained the cruise ship Norwegian Breakaway, which was scheduled to set sail, and did set sail on August 14, 2022, from Miami, Florida.

4. At all times material hereto, Plaintiff, UMMA NASIR YAHAYA, was a fare paying passenger on the cruise ship Norwegian Breakaway for a voyage that departed from Miami, Florida on August 14, 2022.

5. At all times material hereto, UMMA NASIR YAHAYA, was a business invitee of Defendant, NORWEGIAN CRUISE LINE, pursuant to the contractual common carrier relationship.

6. In accordance with the terms and conditions of NORWEGIAN CRUISE LINES's passenger ticket contract, Plaintiff, UMMA NASIR YAHAYA, by and through the undersigned, has provided Defendant, NORWEGIAN CRUISE LINE, by and through its parent, subsidiary and/or affiliate, NCL Corporation LTD., with formal written notice of her claim within 185 days of the injury event, and has otherwise satisfied all conditions precedent to the filing of this action.

## JURISDICTION

7. Plaintiff re-alleges paragraphs 1-6 as if fully set forth herein.

8. Defendant is subject to the Jurisdiction of this Court pursuant to the terms and conditions of Defendant, NORWEGIAN CRUISE LINE's passenger contract.

9. This action is brought for damages in an amount in excess of $75,000.00, exclusive of attorney's fees and costs.

## COUNT I: NEGLIGENCE AGAINST NORWEGIAN CRUISE LINE

10. Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

11. On or about August 14, 2022, Plaintiff, UMMA NASIR YAHAYA, was scheduled to embark on a cruise on the Norwegian Breakaway as a fare-paying passenger.

12. On or about August 14, 2022, the captain, officers, medical staff, and crew of the Norwegian Breakaway were employees and apparent agents of NORWEGIAN CRUISE LINE.

13. On or about August 14, 2022, UMMA NASIR YAHAYA boarded the Norwegian Breakaway and was walking in a common guest area and designated walking path in the immediate vicinity of O'Sheehan's Neighborhood Bar & Grill, located on the 7th deck of the ship.

14. At that time and place, the flooring of the walking path was in a state of considerable disrepair. More specifically, the flooring was warped with apparent air bubbles, creases and raises in the flooring that caused it to be extremely uneven and hazardous. See, the following photographs of the actual flooring and hazards at issue, taken immediately following Plaintiff's below detailed falling incident. Note that the yellow cones were only placed after Plaintiff fell. The red circle is added by counsel.




15. At that time and place, while proceeding through the walking path, UMMA NASIR YAHAYA tripped and fell on the above described and depicted flooring defects.

16. Plaintiff sustained serious and debilitating injuries as a result of her fall.

17. On August 14, 2022, Defendant, NORWEGIAN CRUISE LINE including its agents, employees, officers and crew owed Plaintiff a duty of reasonable care under the circumstances.

18. On August 14, 2022, NORWEGIAN CRUISE LINE, through its agents, employees, officers and crew breached its duties of care and was negligent in one or more of the following:

    a. Creating a dangerous condition(s) upon its vessel. To wit; an unsafe and hazardous flooring surface that was warped with air bubbles and raised creases, located on an intended and designated passenger walking path.

    b. Allowing a dangerous condition(s) to exist upon its vessel. To wit; an unsafe and hazardous flooring surface that was warped with air bubbles and raised creases, located on an intended and designated passenger walking path.

    c. Failing to warn passengers, including the Plaintiff, of the hidden or latent dangerous condition(s). To wit; an unsafe and hazardous flooring surface that was warped with air bubbles and raised creases, located on an intended and designated passenger walking path.

    d. Failing to avoid, eliminate and correct the dangerous condition(s) on its vessel. To wit; an unsafe and hazardous flooring surface that was warped with air bubbles and raised creases, located on an intended and designated passenger walking path.

    e. Other acts of negligence yet to be discovered.

19. The negligent condition(s) created a foreseeable zone of risk posing a general threat of harm to Plaintiff.

20. Defendant created the dangerous condition(s).

21. Alternatively, the dangerous condition(s) existed for such a length of time that Defendant knew or should have discovered it through the exercise of reasonable care under the circumstances.

22. As a direct and proximate result of the negligence of NORWEGIAN CRUISE LINE, Plaintiff, UMMA NASIR YAHAYA, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment.

WHEREFORE, Plaintiff, UMMA NASIR YAHAYA, demands damages against Defendant, NORWEGIAN CRUISE LINE, in excess of the Jurisdictional limits of this Court and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all issues so triable.

Dated this 23rd day of February, 2023..

Respectfully Submitted,

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:   /s/ *Adam T. Boumel, Esq.*
Adam T. Boumel, Esq.
Florida Bar No.: 0110727
Direct email: adam@roussolawfirm.com
Service emails:
Pleadings@roussolawfirm.com (primary)
Frank@roussolawfirm.com (secondary)